UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| REGINALD HUNTER, | ) | CASE NO. 1:11 CV 1444 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DEPARTMENT OF VETERAN | ) | AND ORDER |
| AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff *pro se* Reginald Hunter filed the above-captioned *in forma pauperis* action against the Department of the Veterans Affairs ("the VA"). He alleges violations of the Rehabilitation Act, 29 U.S.C. § 791 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. He is seeking a job with the VA as well as monetary damages.

*Background*

Plaintiff was allegedly denied employment with the VA because of his disability. He alleges he was advised that he passed a physical examination in Pittsburgh, Pennsylvania. His application for employment was apparently reviewed in a VA office in New York. The New York office allegedly "crossed out things from Pittsburgh and said I failed." (Compl. at 2.) In addition, Plaintiff was advised by the New York office that it did not believe he could do the duties of the job for which he applied. Plaintiff states he did request a few accommodations.

Based on these facts, Plaintiff asserts he was denied the position solely because he is disabled. When he called back he claims "they would no [sic] give me any information." (Compl. at 2.)

A review of Plaintiff's appeal to the Director of Federal Operations for the Equal Employment Opportunity Commission (E.E.O.C.) reveals that he filed an E.E.O.C. charge on September 30, 2009. (E.E.O.C. Ofc. Fed. Op., at 1.) He alleged unlawful employment discrimination based on race, disability and retaliation in violation of Title VII and Section 501 of the Rehabilitation Act. The Agency determined that Plaintiff failed to contact an E.E.O.C. counselor within the requisite 45 day limitation period and dismissed his complaint as untimely. Plaintiff appealed the dismissal, which the E.E.O.C. Director of Federal Operations affirmed on April 21, 2011.[1] (E.E.O.C. Ofc. Fed. Op., at 3.) Plaintiff was advised of his right to sue in federal court within 90 days of his receipt of the E.E.O.C. appeal. His civil complaint was timely filed in this Court.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d

---

[1] Under the Background section of the appeal, it reveals Plaintiff was hired as a Mail Clerk at the VA's Medical Center in Albany, New York. (E.E.O.C. Ofc. Fed. Op., at 1.) The hiring was contingent on Plaintiff passing a physical examination. When he subsequently failed the examination, the VA notified Plaintiff, by letter dated April 30, 2009, that its offer of employment was withdrawn.

194, 197 (6th Cir. 1996).

### *Title VII*

Title VII of the Civil Rights Act makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Also, under Title VII's opposition clause, § 704(a), an employee is protected against employer retaliation for opposing any practice that the employee reasonably believes to be a violation of Title VII. *Johnson v. University of Cincinnati*, 215 F.3d 561 (6th Cir. 2000). Although Plaintiff charges the VA with violating Title VII, he has not alleged discrimination based on any of the protected classes enumerated under Title VII. While the statute affords protection for a broad class of individuals, that class does not extend to individuals seeking protection based on disability discrimination. Moreover he does not allege he engaged in any protected activity before his offer of employment was withdrawn that would have prompted defendant to release him from employment. Although Plaintiff alleges discrimination based his disability, the Complaint is devoid of any facts setting forth a basis for race or reprisal discrimination under Title VII.

### *Rehabilitation Act*

Plaintiff may have an arguable claim of discrimination based on his disability. See 29 U.S.C. § 794; *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1178 (6th Cir.1996).[2] To the

---

[2] To prevail on a claim of unlawful employment discrimination under the Rehabilitation Act, Plaintiff must demonstrate: (i) that he is an individual with a disability; (ii) that he is otherwise qualified to perform the job requirements, with or without reasonable accommodation; and (iii) that he suffered an adverse employment action "because of" his disability.

extent he is arguing "but for" his disability defendant would have hired him, the Court's inquiry does not end at Plaintiff's failure to pass a physical examination. *Holiday v. City of Chattanooga*, 206 F.3d 637(6th Cir. 2000)(in ADA action, courts need not defer to doctor's opinion as to ability of applicant to perform a job, where opinion not based on individualized inquiry nor supported by objective scientific and medical evidence).[3]

The Court is mindful that handicapped persons alleging discriminatory treatment must timely exhaust administrative remedies as a condition precedent to bringing an action under either section 501 or section 504 of the Rehabilitation Act. *See Smith v. United States Postal Service*, 742 F.2d 257, 262 (6th Cir. 1984). The requirement is not jurisdictional, however, and may be raised as an affirmative defense by the Defendant. *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991) (stating "[t]he right to bring an action under Title VII regarding equal employment in the federal government is predicated upon the timely exhaustion of administrative remedies ..."); *see also Hall v. U.S. Postal Serv.*, 857 F.2d 1073, 1078 n. 4 (6th Cir. 1988).

## *Conclusion*

Based on the foregoing, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted and his Title VII race and reprisal discrimination claims are dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim. Plaintiff may proceed with his Rehabilitation Act claim. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

---

[3] The ADA standards govern Rehabilitation Act claims of employment discrimination. *See* 29 U.S.C. § 794(d); *Andrews v. State of Ohio*, 104 F.3d 803, 807 (6th Cir.1997). Thus, all references to the ADA apply with equal force to Rehabilitation Act claims.

taken in good faith.[4] The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. The Clerk's Office shall include a copy of this order in the documents to be served upon the defendant.

       IT IS SO ORDERED.

                                            /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            UNITED STATES DISTRICT JUDGE

Dated: 10/18/11

---

[4]   28 U.S.C. § 1915(a)(3) provides:

      An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.