UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Reginald Hunter,** | ) | **CASE NO. 1:11 CV 1444** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Department of Veterans Affairs,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 11). For the following reasons, the motion is UNOPPOSED and GRANTED.

### Facts

Plaintiff, proceeding *pro se*, filed this Complaint against the Department of Veterans Affairs alleging discrimination under Title VII and a violation of the Rehabilitation Act. This Court previously dismissed the Title VII claim.

The Complaint alleges that plaintiff was not offered a job by defendant because of his

1

disabilities. Attached to plaintiff's Complaint is an Equal Employment Opportunity Commission (EEOC) Decision and Notice of Right to Sue. The Decision states that plaintiff had been hired as a mail clerk at the Department of Veterans Affairs in New York, contingent on a physical examination. The offer of employment was withdrawn because plaintiff had not passed the physical examination. Plaintiff received the letter withdrawing the job offer on May 6, 2009. The Department of Veterans Affairs dismissed plaintiff's EEO complaint on timeliness grounds because plaintiff had initiated contact with an EEO counselor more than 45 days after learning that the employment offer had been withdrawn. On appeal to the EEOC, the decision was affirmed because the record showed that plaintiff learned of the alleged discriminatory act on May 6, 2009, but did not initiate contact with an EEO counselor until June 25, 2009. (Doc. 1 Ex. 1) After receiving his Notice of Right to Sue, plaintiff filed the instant matter within 90 days of the Decision.

This matter is now before the Court upon defendant's Motion to Dismiss Plaintiff's Complaint.

**Discussion**

Defendant moves to dismiss on the basis that plaintiff failed to timely exhaust his administrative remedies.

A plaintiff asserting a claim under the Rehabilitation Act must exhaust his administrative remedies. *Taylor v. Donahoe*, 2011 WL 6275913 (6th Cir. Dec. 15, 2011) (citing *Smith v. United States Postal Serv.*, 742 F.2d 257, 260–62 (6th Cir.1984)). As relevant herein, plaintiff was required to bring his complaints to the attention of an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory." *Id.* citing 29 C.F.R. §

1614.105(a)(1).

Defendant asserts that as plaintiff received notice that the job offer was being withdrawn on May 6, 2009, and did not contact an EEO counselor until June 25, 2009, more than 45 days lapsed after the alleged discriminatory act.

Plaintiff did not oppose the Motion to Dismiss, although he was previously given an additional 30 days to file a response in order to demonstrate why his claim was timely. (Doc. 13)

The Court finds that plaintiff's Rehabilitation Act claim is subject to dismissal for failure to exhaust administrative remedies. As discussed herein, plaintiff did not bring his complaint to the attention of an EEO counselor in a timely manner, i.e., within 45 days of receiving notice that the job offer had been withdrawn. On this basis, the Department of Veterans Affairs dismissed his complaint and the EEOC affirmed. Plaintiff has not shown this Court that he did exhaust.

**Conclusion**

For the foregoing reasons, defendant's Motion to Dismiss Plaintiff's Complaint is granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/3/12